UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
11 JAN -7 PM 2: 14
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

Suzanne M. Prentiss, )
)
    Plaintiff, )
)
vs. ) 1:11-cv- 0032 LJM -TAB
)
Midland Credit Management, Inc., and )
John Doe, )
    Defendants. )
)

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT**

**Introduction**

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA").

**Jurisdiction and Venue**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as the actions giving rise to this complaint occurred here.

**Parties**

4. Plaintiff, Suzanne M. Prentiss is a resident of the full age of majority, domiciled in the City of Indianapolis, Marion County, Indiana.

5. Defendant in this case, Midland Credit Management, Inc.., (hereinafter referred to as "MCM"), is a "debt collector" as that term is defined by the FDCPA because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, and is attempting to collect a debt from Plaintiffs. MCM is a corporation organized under the laws of the State of Kansas whose principal business address is 8875 Aero Drive, Suite 200, San Diego, CA 92123.

6. John Doe is an employee or contractor working on behalf of MCM in an attempt to collect debts.

## Factual Allegations

7. MCM is a debt collection agency attempting to collect a debt from Plaintiff.

8. On October 31, 2009, Plaintiff filed for bankruptcy relief under Chapter 7 of Title 11 of the United States Code under case number 09-16135.

9. On November 3, 2009, notice of Plaintiff's bankruptcy filing was sent to MCM. Included in the bankruptcy notice was information stating Plaintiff was represented by counsel and provided the contact information for Plaintiff's counsel.

10. On February 21, 2010, Plaintiff's bankruptcy was discharged and Defendant MCM was notified by the Bankruptcy Noticing Center of the discharge on February 19, 2010.

11. Despite the bankruptcy discharge, Defendant, acting by and through John Doe, has continued to attempt to collect on a debt included in Plaintiff's bankruptcy.

12. Defendant John Doe, acting on behalf of MCM, contacted Plaintiff via telephone twice a day on the following dates: October 24, 2010, October 25, 2010, October 28, 2010, and October 27, 2010.

13. Defendant John Doe contacted the Plaintiff via telephone on numerous other occasions. Plaintiff explained to Defendant John Doe that she had filed bankruptcy; however, Defendant John Doe, acting on behalf of MCM, continued to contact her.

14. During one telephone conversation, Defendant John Doe told her that no bankruptcy had been filed and this debt was still a valid debt. Defendant John Doe was particularly rude to Plaintiff.

15. Defendant MCM has also attempted to collect on the debt included in Plaintiff's bankruptcy via mail. Plaintiff received letters from Defendant dated September 10, 2010 and December 29, 2010, attempting to collect the debt.

### Count I
### Violation of §1692e of the FDCPA

16. The allegations of Paragraphs 1 through 15 of the complaint are realleged and incorporated herein by reference.

17. Defendants violated the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of any debt, pursuant to 15 U.S.C. § 1692e by contacting the Plaintiff by phone and by letter trying to collect on a debt that the bankruptcy had legally enjoined any party from collecting on.

18. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney fees, and costs pursuant to 15 U.S.C. §1692k.

### Count II
### Violation of §1692c of the FDCPA

19. The allegations of Paragraphs 1 through 18 of the complaint are realleged and incorporated herein by reference.

20. Defendants violated §1692c(a)(2) of the FDCPA by communicating with a consumer regarding a debt when the debt collector knew the consumer to be represented by an attorney regarding that debt.

21. Defendants knew that Plaintiff was represented by counsel in connection with this debt because Defendants had been informed by the bankruptcy court notice that Plaintiff were represented by counsel.

22. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney fees, and costs pursuant to 15 U.S.C. §1692k.

### Count III
### Violation of §1692d of the FDCPA

23. The allegations of Paragraphs 1 through 22 of the complaint are realleged and incorporated herein by reference.

24. Defendants violated the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection

with the collection of a debt, pursuant to 15 U.S.C. § 1692d by sending a letter to a person as an attempt to collect on a debt discharged through bankruptcy.

25. Defendants contacted Plaintiff twice a day for four days in a row and also sent two letters attempting to collect on the debt discharged in bankruptcy. Defendants made misrepresentations to the Plaintiff in an attempt to collect this debt.

26. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney fees, and costs pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, having set forth her claims for relief against Defendants, respectfully prays the Court as follows:

1. That Plaintiff have and recover against Defendant a sum to be determined by the Court in the form of actual damages;

2. That Plaintiff have and recover against Defendants a sum to be determined in the form of statutory damages, therefore, Plaintiff is requesting $1,000 per Defendants;

3. That Plaintiff have and recover against Defendants all reasonable legal fees and expenses incurred by the attorney;

4. That Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East St., Ste. E-1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320